

**OPINION**

**By THE COURT**

The constitutionality of zoning ordinances is no longer an open question in Ohio, **Pritz v Messer, 112 Oh St 628.** However, the specific question presented in this case is not found in any case cited nor in any that we have been able to find. It is urged by counsel for the plaintiff and counsel for the city that the provisions and purposes of the ordinance bear substantial relation to the public health, morals and safety of the city of Columbus, and therefore should be supported. The trial court found that the ordinance could only be justified for aesthetic reasons.

Section 21 under which paragraph 2 is found is designated "Vision Clearance in Residence Districts." We recognize the propriety of an ordinance regulating fencing purposed to assure reasonable vision clearance. However, the paragraph of the section under consideration cannot be supported upon vision clearance because a wire fence, no matter how light the strands nor how big the openings in the mesh, which would cause little or no obstruction to vision would be prevented as would a solid fence; nor is the claim that the erection of a fence in contravention of the ordinance would interfere with the view from streets and alleys compelling in this case. A fence erected between lots not abutting on a street or an alley would be a violation of the ordinance. A fence alongside a house, not extending in front of or back of the house would be a violation of the ordinance, though, obviously, it would not restrict vision toward nor from a street or alley.

Counsel for plaintiff have, with industry and capability, urged the instances and situations wherein the ordinances may be supported upon the general police power of the city. We concede that a certain relation may be observed between the purpose of the ordinance under consideration and the public health, morals and safety, but it has no such reasonable or substantial relation thereto as to support its constitutionality.

We are constrained to agree with the trial court in the conclusions reached and upon the reasons set forth in the written opinion which we adopt. The judgment of the trial court will therefore be affirmed.

HORNBECK, PJ, SHERICK and MONT-GOMERY, JJ, concur.

**MEDICAL PROTECTIVE CO v LIGHT**

Ohio Appeals, 9th Dist, Summit Co

Decided Oct 31, 1934

For full opinion see 1 OO 67; 48 Oh Ap 508.

## HOCKING VALLEY RY CO v ORNSTEIN et

Ohio Probate Court, Franklin Co

No 60441. Decided Feb 13, 1935

R. H. Nesbitt, Akron, for plaintiff in error. Smoyer, Kennedy, Smoyer & Vogel, Akron, for defendant in error.